**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal No. 1:02-CR-083** |
| v. | : | |
| | : | **(Chief Judge Kane)** |
| LAMAR BROWN, | : | |
| Petitioner | : | |

## MEMORANDUM ORDER

Presently pending before the Court are Petitioner Lamar Brown's "Motion for Relief

from this Court's Judgment of August 25, 2009" (Doc. No. 102) and "Motion to Cure

Jurisdictional Defect" (Doc. No. 104). The two motions ask the Court to reopen the time for

Petitioner to file an appeal from this Court's August 25, 2009 Order. In support, Petitioner

points to Rule 77(d) of the Federal Rules of Civil Procedure and Rule 4(a)(6) of the Federal

Rules of Appellate Procedure. (Doc. No. 104 at 1.)

The procedural background in this case is laid out in this Court's August 25, 2009 Order

and need not be reiterated in its entirety. To briefly recap, in 2003, Petitioner was sentenced to

life imprisonment for his conviction under 21 U.S.C. § 841(a)(1). On July 9, 2004, Petitioner

filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On October

26, 2006, the Court entered an order that, *inter alia*, denied Petitioner's request to vacate his

conviction and sentence. (Doc. No. 86.) Petitioner appealed and the Third Circuit affirmed the

denial of habeas relief in an order entered June 19, 2008. (Doc. No. 95.)

On May 11, 2009, Petitioner filed a motion seeking relief from final judgment under Rule

60(b) of the Federal Rules of Civil Procedure, essentially urging the Court to revisit its ruling on

his habeas petition, despite the fact that the decision had been affirmed by the Third Circuit. In

1

the motion, Petitioner repeated and expanded upon the argument that has run throughout his trial and post-trial proceedings. (See Doc. No. 99 at 2.) On August 25, 2009, the Court dismissed the motion and ordered that the case file remain closed. This Court held that, because the Third Circuit affirmed this Court's order denying Petitioner's request for habeas relief on the very same grounds raised in the 60(b) motion, the Court was without jurisdiction to review Petitioner's request. (Id. at 3.) The Court further noted that it would also lack jurisdiction to review Petitioner's request if it was construed as a successive habeas petition. (Id.)

Ordinarily, in a civil case, "the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. Pro. 4(a)(1)(A). Otherwise, "the only way in which a party may obtain relief based on a clerk's failure to serve notice of the entry of a judgment or order is via Appellate Rule 4(a) . . . ." Poole v. Family Court of New Castle County, 368 F.3d 263, 266 (3d Cir. 2004) (Alito, J.). Under Rule 4(a)(6), the district court "may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered . . . ." Fed. R. App. Pro. 4(a)(6). However, several conditions must be satisfied. First, the Court must find that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry[.]" Fed. R. App. Pro. 4(a)(6)(A). Second, the motion must be filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier[.]" Fed. R. App. Pro. 4(a)(6)(B). Finally, the Court must find that no party will be prejudiced by extending the filing date. Fed. R. App. Pro. 4(a)(6)(C).

In the present case, the Court entered its judgment on Petitioner's Rule 60(b) motion on

August 25, 2009. (See Doc. No. 99.) Petitioner did not file his notice to appeal until March 15,

2010 (Doc. No. 101),[1] and his first motion asking for relief from the filing deadline on March 25,

2010 (Doc. No. 102). Using the date Petitioner filed his first motion asking for relief from the

filing deadline,[2] March 25, 2010, it appears that 212 days elapsed from the date of this Court's

judgment and Petitioner's filing. Therefore, Petitioner's motion was not filed "within 180 days

after the judgment or order [was] entered . . . ." Fed. R. App. Pro. 4(a)(6)(B). As a result,

Petitioner's case does not meet the conditions set forth by Rule 4(a)(6) that would allow this

Court to reopen the time to file an appeal.

In his motion aimed at reopening the time for appeal, Petitioner argues that he did not

receive a copy of the entry of this Court's August 25, 2009 order until March 16, 2010. (See

Doc. No. 104 at 1.) However, "'[l]ack of notice of the entry by the clerk does not affect the time

to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time

allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.'" Poole,

368 F.3d at 266 (quoting Fed. R. Civ. Pro. 77(d)); see also Clark v. Lavallie, 204 F.3d 1038,

1040 (10th Cir. 2000) ("[N]othing within Rule 4(a)(6) indicates it is permissive or that its

limitations may be waived for equitable reasons. The 180-day limitation which governs this case

is specific and unequivocal."). Furthermore, the filing time of a notice of appeal pursuant to

Rule 4(a)(6) is "jurisdictional and therefore not subject to waiver or judicial modification." DL

---

[1] The Notice of Appeal was originally filed with the Third Circuit Court of Appeals on March 15, 2010, and forwarded to this Court on March 24, 2010. (See Doc. No. 100.)

[2] ". . . Appellate Rule 4(a)(6) requires a motion to reopen. While 'no particular form of words is necessary to render a filing a "motion,"' Campos v. LeFevre, 825 F.2d 671, 676 (2d Cir. 1987), a simple notice of appeal does not suffice." Poole, 368 F.3d at 268.

Resources, Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 214 n.3 (3d Cir. 2007) (citing

Bowles v. Russell, 551 U.S. 205 (2007)).  Plaintiff's argument that his filing is timely because of

the federal holidays that occurred while his appeal deadline was pending, (see Doc. No. 104 at 3-

4), is also without merit.

    **AND NOW**, this 10th day of August 2010, upon consideration of Lamar Brown's

"Motion for Relief from this Court's Judgment of August 25, 2009," (Doc. No. 102), and

"Motion to Cure Jurisdictional Defect," (Doc. No. 104), **IT IS HEREBY ORDERED THAT**

the motions are **DENIED**.

                                      S/ Yvette Kane
                                      Yvette Kane, Chief Judge
                                      United States District Court
                                        Middle District of Pennsylvania